Juanita MARTINEZ, Plaintiff,

v.

CORNELL CORRECTIONS OF TEXAS, INC., a Delaware Corporation, Management and Training Corporation, a Delaware Corporation, and Rudy Estrada, Cody Graham, and Luis Gallegos, in their individual capacities, Defendants.

No. CIV 04–0255 JB/RLP.

United States District Court,
D. New Mexico.

Feb. 15, 2005.

Mary Y.C. Han, Adam S. Baker, Kennedy & Han, P.C., Albuquerque, NM, for the Plaintiff.

P. Scott Eaton, Eaton Law Office, P.C., Albuquerque, NM, for Defendants Management Training Corporation and Cody Graham.

Patrick D. Allen, Yenson, Lynn, Allen & Wosick, P.A., Albuquerque, NM, for Defendants Cornell Correction of Texas Inc. and Rudy Estrada.

Norman F. Weiss, Alisa R. Wigley, Simone, Roberts & Weiss, P.A., Albuquerque, NM, for Defendant Luis Gallegos.

*MEMORANDUM OPINION AND ORDER*

BROWNING, District Judge.

**THIS MATTER** comes before the Court on Plaintiff Juanita Martinez and Defendant Luis Gallegos' Stipulated Motion for In Camera Inspection, filed January 31, 2004 (Doc. 108). The Court held a hearing on this

motion on February 3, 2005. On February 7, 2005, the Court entered an Order granting the stipulated motion to conduct an in camera review of the documents. *See* Stipulated Order, filed February 7, 2005 (Doc. 112). The Court has conducted its in camera review. This order sets forth the results of that review.

This in camera review stems from a discovery dispute involving a request for production sent to Gallegos. Request for Production 2 states:

Please produce any and all documents regarding your employment as a corrections officer or jail guard, including but not limited to any and all documents regarding investigation into purported misconduct and/or infraction. This request for production includes a request for your personnel files, training manuals and certificates, investigations of alleged misconduct, disciplinary actions or complaints against you, and any other documents in any way related to your employment as a corrections or jail guard with the Santa Fe County Adult Detention Center, and all other correctional facilities where you have been employed.

On December 4, 2004, Martinez filed a motion to compel Management and Training Corporation ("MTC") to respond to interrogatories and requests for production that Martinez had served on it. Of these requests served on MTC, Martinez sought the Court's order for response to Interrogatory 9, which asks that MTC

identify and describe any and all formal complaints made against Defendant Gallegos in his capacity as a correctional officer or jail guard at the Santa Fe County Adult Detention Center, and/or in his capacity as a correctional officer or jail guard at any correctional facility of which you are aware, including the circumstances surrounding each such complaint, the date, the identity of each complainant, the date, the identity of each complainant, the actions you took in response to each such complaint, and whether Defendant Galle-

gos was disciplined as a result of the complaint.

MTC contends that Interrogatory No. 9 seeks complaints against Gallegos that have nothing to do with sexual misconduct and therefore have nothing to do with the subject matter of Martinez' complaint. The parties have resolved this issue in so far as it relates to formal complaints about sexual misconduct brought against Gallegos. MTC has agreed to provide discovery regarding formal complaints about sexual misconduct on Gallegos' part, which conduct may be relevant to this suit's subject matter, and which complaints occurred during the relevant time period in which Martinez was incarcerated in the SFCADC while MTC operated it. Martinez represents that the Court's ruling on the in camera review documents "will resolve the issue presented in Plaintiff's Motion to Compel with regard to Interrogatory Number 9." Reply in Support of Plaintiff's Motion to Compel Defendant Management and Training Corporation at 2, filed Feb. 7, 2005 (Doc. 113); Transcript of Hearing at 6:10–15 (February 3, 2005).[1]

Although Gallegos and MTC contend that the information contained in the documents listed in its log is private and/or not at issue in this proceeding, Martinez is entitled to discover some information about misconduct Gallegos committed during the course of his employment at the Santa Fe County Adult Detention Center ("SFCADC"). First, this information may be relevant to Martinez' claim against MTC for its alleged policy, custom, or practice of conscious disregard to the rights of female detainees. For example, evidence that Gallegos repeatedly breached the policies and procedures governing his employment at the SFCADC could be probative of MTC's knowledge and disregard that he was not fit to hold a position of authority over detainees at the jail. Second, this evidence may also be relevant to demonstrate that Gallegos acted with the requisite intent to support an award of punitive damages against him. Third, evidence that Gallegos engaged in other misconduct at the SFCADC

---

**1.** The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version. Any finalized transcript may contain slightly different page and/or line numbers.

may be admissible against Gallegos under rule 404(b) of the Federal Rules of Evidence to show his proof of motive, opportunity, preparation, plan, knowledge, or identity for myriad reasons. *See* Fed.R.Evid. 404(b).

The Court therefore finds that the following documents must be produced to Martinez, listed by the Bates number provided. Any documents that must be redacted will be filed as a separate exhibit for access by Gallegos only.[2] Once the redacted documents are produced to Martinez, Gallegos must file copies of the redacted documents with the Court Clerk.

The following portions of the MTC file must be produced as follows:

1. MTC 1066—Do not produce.
2. MTC 1080—Redacted.
3. MTC 1081—Redacted.
4. MTC 1086—Produce.
5. MTC 1087—Produce.
6. MTC 1088—Produce.
7. MTC 1089—Do not produce.
8. MTC 1090—Redacted.
9. MTC 1091—Do not produce.
10. MTC 1092—Produce.
11. MTC 1093—Do not produce.
12. MTC 1094—Do not produce.
13. MTC 1095—Do not produce.
14. MTC 1096—Produce.
15. MTC 1097—Produce.
16. MTC 1098—Produce.
17. MTC 1099—Produce.
18. MTC 1100—Do not produce.
19. MTC 1101—Do not produce.
20. MTC 1102—Redacted.
21. MTC 1103—Do not produce.
22. MTC 1104—Produce.
23. MTC 1105—Do not produce.
24. MTC 1106—Produce.
25. MTC 1107—Do not produce.
26. MTC 1108—Do not produce.
27. MTC 1109—Do not produce.
28. MTC 1110—Produce.
29. MTC 1111—Do not produce.
30. MTC 1112—Produce.
31. MTC 1113—Redacted.
32. MTC 1114—Do not produce.
33. MTC 1115—Redacted.
34. MTC 1116—Do not produce.
35. MTC 1117—Do not produce.
36. MTC 1118—Do not produce.
37. MTC 1119—Redacted.
38. MTC 1120—Do not produce.
39. MTC 1121—Redacted
40. MTC 1122—Redacted.
41. MTC 1123—Do not produce.
42. MTC 1124—Produce.
43. MTC 1125—Produce.
44. MTC 1126—Redacted.
45. MTC 1127—Redacted.
46. MTC 1128—Do not produce.
47. MTC 1129—Do not produce.
48. MTC 1130—Do not produce.
49. MTC 1131—Do not produce.
50. MTC 1132—Do not produce.
51. MTC 1133—Do not produce.
52. MTC 1134—Do not produce.
53. MTC 1135—Do not produce.
54. MTC 1136—Do not produce.
55. MTC 1137—Produce.
56. MTC 1138—Produce.
57. MTC 1139—Produce.
58. MTC 1140—Do not produce.
59. MTC 1141—Do not produce.
60. MTC 1142—Produce.

The following portions of the Cornell Correction personnel file must be produced as follows:

1. 71—Do not produce.
2. 72—Do not produce.
3. 73—Do not produce.

**2.** The Court will highlight the documents and leave a copy of the highlighted documents with the Court's Clerk's office for Gallegos to pick up. Gallegos must produce at least the highlight materials.

4.  74—Do not produce.
5.  75—Do not produce.
6.  76—Do not produce.
7.  77—Do not produce.
8.  78—Do not produce.
9.  79—Do not produce.
10. 80—Do not produce.
11. 319—Do not produce.
12. 320—Do not produce.
13. 321—Do not produce.
14. 322—Do not produce.
15. 323—Do not produce.
16. 324—Do not produce.
17. 325—Do not produce.
18. 326—Do not produce.
19. 327—Do not produce.
20. 328—Do not produce.
21. 329—Do not produce.
22. 330—Do not produce.
23. 331—Do not produce.
24. 332—Do not produce.
25. 333—Do not produce.
26. 334—Do not produce.
27. 335—Do not produce.
28. 336—Do not produce.
29. 89—Do not produce.
30. 90—Do not produce.
31. 91—Redacted.
32. 92—Do not produce.
33. 305—Do not produce.
34. 306—Do not produce.
35. 307—Do not produce.
36. 308—Do not produce.
37. 309—Redacted.
38. 310—Do not produce.
39. 311—Do not produce.
40. 312—Do not produce.
41. 105—Redacted.
42. 106—Do not produce.
43. 107—Do not produce.
44. 108—Do not produce.
45. 283—Do not produce.
46. 284—Do not produce.
47. 285—Do not produce.
48. 286—Do not produce.
49. 137—Do not produce.
50. 138—Do not produce.
51. 139—Do not produce.
52. 140—Do not produce.
53. 223—Do not produce.
54. 224—Do not produce.
55. 347—Produce.
56. 348—Do not produce.
57. 171—Do not produce.
58. 172—Do not produce.
59. 225—Do not produce.
60. 226—Do not produce.
61. 227—Redacted.
62. 228—Do not produce.
63. 231—Do not produce.
64. 232—Do not produce.
65. 233—Do not produce.
66. 234—Do not produce.
67. 235—Redacted.
68. 236—Do not produce.
69. 237—Do not produce.
70. 238—Do not produce.
71. 239—Do not produce.
72. 240—Do not produce.
73. 241—Do not produce.
74. 242—Do not produce.
75. 243—Do not produce.
76. 244—Do not produce.
77. 245—Redacted.
78. 246—Do not produce.
79. 259—Do not produce.
80. 260—Do not produce.

Finally, Gallegos must produce the two memoranda attached to the documents submitted to the Court for in camera review: Memorandum from Gallegos to Kerry Dixon, Warden (dated November 10, 2004); Memorandum from Veronica Montano, Sergeant, to Dixon (dated November 11, 2004).

The Court's ruling on this in camera inspection of these documents resolves issues presented by Martinez' Motion to Compel with regard to Interrogatory Number 9, as well as Martinez' Request for Production No. 2 to Gallegos.

**IT IS SO ORDERED** that Gallegos supply the aforementioned documents to Martinez.